FLINT BOARD OF EDUCATION v WILLIAMS

Docket No. 78-2169. Submitted November 8, 1978, at Lansing.—Decided January 3, 1979.

> Plaintiff, Flint Board of Education, petitioned the Genesee County Probate Court to take jurisdiction over defendant Patrick Williams, a handicapped minor, alleging that he had repeatedly violated school rules and regulations. The jury found that defendant had repeatedly violated such rules and regulations and the probate judge ordered that the defendant become a temporary ward of the probate court and that he be committed to the Department of Social Services for appropriate screening and placement. Defendant appealed to the Genesee Circuit Court. Donald R. Freeman, J., affirmed the probate court and denied a motion to stay the probate court's order. Defendant applied to the Court of Appeals for leave to file an emergency appeal and for a stay of the probate court's order. Leave to appeal was granted. The motion for a stay was denied. *Held:*

> 1. The defendant is "handicapped" as that term is defined by the Legislature and the state board of education.

> 2. A school board may petition a probate court to take jurisdiction over a handicapped student under the statute regarding the jurisdiction of the juvenile division of probate court only after administrative proceedings under the school code's special education provisions have terminated and a final decision has been made that no program within the school system can adequately address the child's special needs and satisfactorily develop the child's maximum potential.

> 3. It is the Legislature's intent to provide special protection for handicapped students; therefore, it is consistent with such legislative intent that the general jurisdictional language in the

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 68 Am Jur 2d, Schools § 215.
[3] 68 Am Jur 2d, Schools § 219.
[4] 73 Am Jur 2d, Statutes § 145.
[5] 73 Am Jur 2d, Statutes § 187.
[6] 73 Am Jur 2d, Statutes § 257.
[7] 73 Am Jur 2d, Statutes §§ 265, 306.
[8] 68 Am Jur 2d, Schools §§ 227, 230.

probate code yield to the more particularized provisions written into the school code to insure protective treatment for handicapped students.

4. The defendant is legally required to attend school until the age of 16, since none of the exceptions enumerated in the statute regarding compulsory education apply to him.

5. Defendant and his mother were wrongfully denied their right to an Education Planning and Placement Committee determination and administrative review thereof before removal of defendant from the school system under the probate code; therefore, the probate court's order denying defendant's motion to dismiss on this ground is reversed.

Reversed and remanded.

1. SCHOOLS AND SCHOOL DISTRICTS — HANDICAPPED STUDENTS — PROBATE COURT — ADMINISTRATIVE LAW — SCHOOL CODE — STATUTES.

A school board may petition a probate court to take jurisdiction over a handicapped student, under the statute regarding the jurisdiction of the juvenile division of probate court, only after administrative proceedings under the school code's special education provisions have terminated and a final decision has been made that no program within the school system can adequately address the child's special needs and satisfactorily develop the child's maximum potential (MCL 380.1311, 712A.2[a][4]; MSA 15.41311, 27.3178[598.2][a][4]).

2. SCHOOLS AND SCHOOL DISTRICTS — SPECIAL EDUCATION — HANDICAPPED STUDENTS — STATUTES.

School boards shall establish plans for special education to focus on the delivery of special education programs designed to develop the maximum potential of handicapped students (MCL 380.1711; MSA 15.41711).

3. SCHOOLS AND SCHOOL DISTRICTS — STATE BOARD OF EDUCATION — SCHOOL CODE — HANDICAPPED STUDENTS — SPECIAL EDUCATION — ADMINISTRATIVE LAW.

The State Board of Education has promulgated detailed rules, under the rule-making power delegated to it by the Legislature in the school code, designed to protect a handicapped person's statutory right to participate in special education programs; under such rules, school superintendents are required to appoint Educational Planning and Placement Committees to make recommendations concerning the educational status of handicapped children, and parents of handicapped children are entitled to notice of proposed educational placement, denial of

placement, or change in educational status of their children and may challenge proposed action by requesting a hearing before an impartial hearing officer whose decision concerning educational placement or status of the handicapped person must be in writing and accompanied by written findings of fact and conclusions of law.

4. Statutes — Construction — Legislative Intent.
The premier rule of statutory construction is to discover and give effect to the intent of the Legislature.

5. Statutes — Construction — In Pari Materia.
Statutes which are *in pari materia* must be construed together and should be interpreted as complementary to each other.

6. Statutes — Special — General — Construction.
A special act must be viewed as an exception to a general act where there are two acts, one of which is special and particular and includes the matter in question, and the other of which is general, and which, if standing alone, would include the same matter and thus conflict with the special act.

7. Statutes — Construction — Absurd Results.
Statutes must be construed so as to avoid absurd results.

8. Schools and School Districts — Required Attendance — Exceptions — Statutes.
A child is legally required to attend school until the age of 16, unless one of the exceptions enumerated in the statute regarding compulsory education applies (MCL 380.1561; MSA 15.41561).

*Bellairs, Dean, Cooley & Siler,* for plaintiff.

*Bennett S. Engelman,* for defendant.

Before: D. F. Walsh, P.J., and T. M. Burns and D. E. Holbrook, Jr., JJ.

D. F. Walsh, P.J. Defendant Patrick Williams appeals two orders of the Genesee County Circuit Court. The respective orders: (1) affirmed the ruling of the Genesee County Probate Court that the probate court could take jurisdiction over defend-

ant under MCL 712A.2(a)(4); MSA 27.3178(598.2)(a)(4), and (2) denied defendant's motion to stay the disposition order effectuating the verdict of a probate court jury. The order made defendant a temporary ward of the court and committed him to the state Department of Social Services for placement.

Defendant was born November 24, 1964. In 1971, after beginning school in the Flint school district, he was tested and placed in a special education program for the emotionally impaired (EI). He continued in EI classes throughout his school career.

On November 7, 1977, the Assistant Director of Pupil Personnel Services for the Flint Public Schools petitioned the Genesee County Probate Court to take jurisdiction over defendant. The petition alleged that defendant, who was required to attend school, had repeatedly violated school rules and regulations. MCL 712A.2(a)(4); MSA 27.3178(598.2)(a)(4).

Defendant moved to dismiss the petition on the ground, *inter alia,* that the probate court lacked jurisdiction over him. It was defendant's position that he did not come within the purview of the above statute since he was not legally required to attend school. The probate judge, and the circuit judge on appeal, denied this motion. Defendant also moved unsuccessfully to dismiss the petition on the ground that plaintiff failed to exhaust the administrative remedies set forth in the school code. MCL 380.1701 *et seq;* MSA 15.41701 *et seq.*

After plaintiff filed its petition asking the probate court to take jurisdiction over defendant, defendant's mother requested that a state board of education Educational Planning and Placement Committee (EPPC) meeting be held to determine if

the school district's special education program could continue to serve defendant's special needs. The EPPC meeting was held on December 22, 1977. Defendant was found to be "emotionally impaired". Formulation of an educational plan was postponed until termination of the probate court proceedings. Although defendant's mother originally agreed to this postponement, she withdrew her consent six weeks before the trial began. It was defendant's position throughout the probate court proceedings that plaintiff should have been required to complete the administrative process before petitioning the probate court to take jurisdiction over defendant.

Jury trial began on April 25, 1978. The testimony of school employees and officials described several instances of defendant's violation of school rules. Defendant did not deny that he had been repeatedly involved in fights and other violence. The jury found that defendant had repeatedly violated rules and regulations of the Flint Public School system. The probate judge ordered that defendant become a temporary ward of the probate court and that he be committed to the Department of Social Services for appropriate screening and placement, with a recommendation of residential placement.

The main issue presented is one of apparent first impression in Michigan:

May a school board petition the probate court under MCL 712A.2(a)(4); MSA 27.3178(598.2)(a)(4) for removal of an emotionally impaired child before exhausting administrative procedures outlined in the school code and its rules with regard to formulating educational plans within the school system for emotionally impaired students?

Section 2 of the juvenile division of the probate code provides in pertinent part:

"Except as provided herein, the juvenile division of the probate court shall have:

"(a) Exclusive original jurisdiction superior to and regardless of the jurisdiction of any other court in proceedings concerning any child under 17 years of age found within the county.

\* \* \*

"(4) Who, being required by law to attend school, wilfully and repeatedly absents himself therefrom, or repeatedly violates rules and regulations thereof \* \* \* ." MCL 712A.2(a) (4); MSA 27.3178(598.2)(a)(4).

The school code contains a provision, however, which deals specifically with removal of possibly handicapped students from the school system:

"The [school] board may authorize or order the suspension or expulsion from school of a pupil guilty of gross misdemeanor or persistent disobedience when in the board's judgment the interest of the school may demand the authorization or order. If there is reasonable cause to believe that the pupil is handicapped, and the school district has not evaluated the pupil in accordance with rules of the state board, the pupil shall be evaluated immediately by the intermediate school district of which the school district is constituent in accordance with section 1711." MCL 380.1311; MSA 15.41311.

MCL 380.1711; MSA 15.41711 provides that school boards shall establish plans for special education. These plans are to focus on delivery of special education programs designed to develop the maximum potential of handicapped students.

Under the rule-making power delegated to it by the Legislature in the school code (MCL 380.1701; MSA 15.41701), the State Board of Education has promulgated detailed rules designed to protect a handicapped person's statutory right to participate in special education programs. 1973 AACS R 340.1721. School superintendents are required to

appoint EPPC's to make recommendations concerning the educational status of handicapped children. Parents of handicapped children are entitled to notice of proposed educational placement, denial of placement, or change in educational status of their children. Dissatisfied parents who wish to challenge proposed action may request a hearing before an impartial hearing officer. The decision of the officer concerning the educational placement or educational status of the handicapped person must be in writing and accompanied by written findings of fact and conclusions of law. 1973 AACS R 340.1722-340.1724.

Establishment of this legislative and administrative framework was necessary in order for Michigan to be eligible for Federal assistance for the education of handicapped children under the Education of the Handicapped Act, 20 USC 1401 *et seq.* That act sets forth detailed procedural safeguards for handicapped children and their parents with respect to the provision of free appropriate public education. 20 USC 1415. Parties aggrieved by decisions of local hearing officers must be given an opportunity to appeal to the state board of education. 20 USC 1415(c). State plans must assure that, to the maximum extent possible, handicapped children are educated with non-handicapped children and that special classes or other removal of handicapped children from the regular educational environment occurs only when the nature or severity of the handicap is such that education in regular classes with supplementary services cannot be achieved satisfactorily. 20 USC 1412(5).

It is undisputed that the instant defendant is "handicapped" as that term has been defined by the Legislature and the State Board of Education. MCL 380.4(2); MSA 15.4004(2), 1973 AACS R 340.1702.

Our task in the instant case is to determine the interrelationship, if any, between the probate court's statutory authority to take jurisdiction over students who repeatedly violate school rules and the school code's special treatment of handicapped persons.

The premier rule of statutory construction is to discover and give effect to the intent of the Legislature. *Spartan Asphalt Paving Co v Grand Ledge Mobile Home Park,* 400 Mich 184; 253 NW2d 646 (1977), *reh den* 400 Mich 1029 (1977). It is also a fundamental rule of statutory construction that statutes *in pari materia* must be construed together and should be interpreted as complementary to each other. *Doan v Kellogg Community College,* 80 Mich App 316, 320-321; 263 NW2d 357 (1977). In applying this latter rule we are guided by the following principle:

" * * * if it is natural and reasonable to think that members of the legislature or persons to be affected by a statute * * * would think about another statute and have their impressions derived from it influence their understanding of the act whose effect is in question, then a court called upon to construe the act in question should also allow its understanding of it to be influenced by impressions derived from the other statute. In other words, for this purpose the subject or object of a statute should be defined in terms of the range of probable awareness and probable attitudes about relevance by legislators and others concerned with the statute's operation." 2A Sutherland, Statutory Construction, § 51.03, pp 298-299.

We are further guided by the principle that, where there are two acts, one of which is special and particular and includes the matter in question, and the other of which is general, and which, if standing alone, would include the same matter

and thus conflict with the special act, the special act must be viewed as an exception to the general. 21 Michigan Law & Practice, Statutes, § 99, pp 117-118.

Plaintiff argues that the probate code and school code offer school boards alternative and independent remedies in dealing with handicapped students who, due to their handicap, repeatedly violate school rules. We are not so persuaded.

The school code and the rules promulgated thereunder deal in a special and particular way with handicapped persons within the school system. The probate code deals in general with all students who repeatedly violate school rules. It is true, of course, that in the case of handicapped children who repeatedly violate school rules the provisions of both codes would seem to have overlapping applicability.

Clearly, however, the Legislature intended to provide special protection for handicapped students. That intent is effectuated through a procedural framework within which parents of handicapped children are afforded administrative review of decisions concerning the placement of these children or their removal from school. If a school board may, as plaintiff suggests, unilaterally determine that a particular handicapped child cannot be accommodated in a special education program, bypass the administrative procedures for review of that determination and petition the probate court directly to take jurisdiction of the child and remove him from the school system, the intent of the Legislature would certainly be frustrated.

In such case, therefore, it is consistent with legislative intent that the general jurisdictional language in the probate code yield to the more particularized provisions written into the school

code to insure protective treatment for handicapped students.

Accordingly, we hold that in the case of a handicapped student, a school board may petition the probate court to take jurisdiction over the student under MCL 712A.2(a)(4); MSA 27.3178(598.2)(a)(4), only after administrative proceedings under the school code's special education provisions have terminated and a final decision has been made that no program within the school system can adequately address the child's special needs and satisfactorily develop the child's maximum potential.

Of the remaining issues raised on appeal, we address only one. It is defendant's position that the probate court erred in assuming jurisdiction over him since he is not legally required to attend school. We find no merit in this argument. Statutes must be construed to avoid absurd results. *Attorney General v Detroit United Railway,* 210 Mich 227; 177 NW 726 (1920). The sole reasonable interpretation of MCL 380.1561; MSA 15.41561, is that, unless one of the enumerated exceptions applies, a child is legally required to attend school until the age of 16.

Defendant and his mother were wrongfully denied their right to an EPPC determination and administrative review thereof before removal of defendant from the school system under the probate code. The probate court's order denying defendant's motion to dismiss on this ground is reversed. Remanded for further proceedings consistent with this opinion. Costs to appellant.