WOOLCOTT v STATE BOARD OF EDUCATION

Docket No. 69391. Submitted November 1, 1983, at Lansing.—Decided May 14, 1984. Leave to appeal applied for.

Pamela and Greg Woolcott, the parents of Lindy Woolcott, a minor, brought an action in the Ingham Circuit Court against the State Board of Education, its Superintendent of Public Instruction, Phillip E. Runkel, its Director of Special Education, Edward Birch, and others. Lindy Woolcott was a speech and hearing-impaired minor residing in the Traverse Bay Area Intermediate School District, which for one term provided Lindy with a cued speech interpreter in order to mainstream her from special education classes to general education classes. Thereafter the intermediate school district refused to use a cued speech interpreter in Lindy's general education classes. The suit asked for declaratory, injunctive, and money damage relief. Count I alleged a violation of the education of the handicapped act because the refusal to supply Lindy a cued speech interpreter in general education was a failure to provide her with a free appropriate public education. This count also alleged a right to a full hearing. Count II alleged a violation of Michigan's mandatory special education act in that failure to provide cued speech resulted in Lindy's losing the right to an appropriate education which maximized her potential. Count III alleged a violation of the Michigan Handicappers' Civil Rights Act. And count IV alleged a violation of the federal Rehabilitation Act of 1973. The state defendants moved for summary judgment, claiming a failure to state a cause of action and that they were not necessary or proper parties. The court, Michael G. Harrison, J., granted the motion. Plaintiffs appealed. *Held:*

1. Plaintiffs alleged facts which, taken to be true in a motion

REFERENCES FOR POINTS IN HEADNOTES

[1] 61A Am Jur 2d, Pleading §§ 71 *et seq.,* 226, 230 *et seq.*

[2, 5] 68 Am Jur 2d, Schools § 219.

What services must federally assisted school provide for handicapped children under Education of the Handicapped Act (20 USCS §§ 1401 *et seq.).* 63 ALR Fed 856.

[3] 73 Am Jur 2d, Statutes §§ 186 *et seq.,* 253, 257.

[4] 68 Am Jur 2d, Schools §§ 16, 50, 108.

for summary judgment for failure to state a claim, state a cause of action in counts I and II.

2. Counts III and IV allege causes of action under the general federal and state handicappers' civil rights statutes. A principle of statutory construction is that, where there are two acts, one of which is special and particular and includes the matter in question, and the other of which is general, and which, if standing alone, would include the same matter and thus conflict with the special act, the special act must be viewed as an exception to the general. Plaintiffs are therefore limited to those remedies provided in the federal Education of the Handicapped Act and the state mandatory special education act.

3. The state has the ultimate responsibility of enforcing the obligations of providing the requisite education to handicapped children under both the federal and state statutes. Therefore, the state defendants were necessary and proper parties.

4. Money damages are not recoverable under the federal Education of the Handicapped Act or under the state's enabling statute, the mandatory special education act.

Affirmed in part, reversed in part, and remanded.

1. JUDGMENTS — SUMMARY JUDGMENT — FAILURE TO STATE CLAIM — COURT RULES — APPEAL.

The Court of Appeals when reviewing a trial court's grant of summary judgment on the ground that a plaintiff has failed to state a claim upon which relief may be granted determines whether the plaintiff's claim as set forth in the complaint is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery, with all well-pleaded facts in the complaint being accepted as true (GCR 1963, 117.2[1]).

2. SCHOOLS — HANDICAPPERS.

Federal law requires that, to receive federal funds for education, a state must have in effect a policy that assures all handicapped children the right to a free appropriate public education; a free appropriate public education is an individualized educational program designed to meet the unique needs of the handicapped child, the teacher, and the parents or guardian.

3. CIVIL RIGHTS — HANDICAPPERS — REMEDIES — SCHOOLS.

A special act must be viewed as an exception to a general act where there are two acts, one of which is special and particular and includes the matter in question, and the other of which is general, and which, if standing alone, would include the same matter and thus conflict with the special act; the federal

Education of the Handicapped Act and the Michigan manda-
tory special education act are specific acts constituting excep-
tions with respect to the more general federal and state handi-
cappers' civil rights statutes and limit the remedies for failure
to provide a free appropriate public education to those provided
in the specific acts (20 USC 1400 *et seq.;* MCL 380.1701 *et seq.;*
MSA 15.41701 *et seq.).*

4. SCHOOLS — HANDICAPPERS — ACTIONS — PARTIES.
    The State Board of Education and its program directors are
    proper parties to a suit by a handicapped student alleging a
    failure to provide a free appropriate public education as re-
    quired by federal and state law (20 USC 1400 *et seq.;* MCL
    380.1701 *et seq.;* MSA 15.41701 *et seq.).*

5. SCHOOLS — HANDICAPPERS — ACTIONS — DAMAGES — REMEDIES.
    Money damages are not recoverable in an action alleging failure
    to provide a free appropriate public education as required by
    the federal Education of the Handicapped Act and the state
    mandatory special education act (20 USC 1400 *et seq.;* MCL
    380.1701 *et seq.;* MSA 15.41701 *et seq.).*

*Deborah Mattison,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, and *Gerald F. Young*
and *Paul J. Zimmer,* Assistants Attorney General,
for defendants Michigan Board of Education, Phil-
lip E. Runkel, and Edward Birch.

Before: CYNAR, P.J., and BEASLEY and T. GILLES-
PIE,* JJ.

T. GILLESPIE, J. Lindy Woolcott has severe
speech and hearing defects. To mainstream Lindy
from special education classes to general education
classes, the Traverse Bay Area Intermediate
School District (hereafter ISD) hired a cued speech
interpreter. The cued speech instructor was used
for only one term in Lindy's general education
classes. Thereafter, Lindy's parents objected to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ISD's refusal to use the cued speech interpreter in Lindy's general education classes. Administrative hearings were held and the result was approval of ISD's refusal. Lindy's parents then filed suit in circuit court challenging the administrative findings. State defendants moved for summary judgment, claiming there was a failure to state a cause of action and that state defendants were not necessary or proper parties. The motion was granted. Plaintiffs appeal. Reversed in part, affirmed in part, and remanded.

The following facts are taken from plaintiffs' complaint. Lindy attended Central Elementary School in the Traverse City Public School District during 1980-1981. She was assigned to the hearing impaired room. ISD had a contract with Traverse City Public Schools to operate the hearing impaired rooms.

An Individualized Education Planning Committee (IEPC) was organized by the ISD pursuant to the Education of the Handicapped Act, 20 USC 1400 *et seq.* (hereafter EHA) to plan how Lindy should be educated.

Lindy's parents wanted ISD to supply a cued speech interpreter during Lindy's time spent in general education classes. Cued speech is a combination of lip reading and sign language. This would allow Lindy to understand class materials. Lindy was to receive this aid in special and general education to help "mainstream" Lindy into general education. On May 4, 1982, the IEPC recommended the service for Lindy.

Lindy received cued speech instruction from September, 1981, until January, 1982. On February 11, 1982, the ISD's special education supervisor circulated a memo stating that Lindy's IEPC would no longer be able to make use of a cued

speech instructor in Lindy's general education program.

Another IEPC was convened in February, 1982. The IEPC and the parents agreed that Lindy needed cued speech services. However, the chairman of the IEPC vetoed the cued speech service. The plaintiffs alleged that this refusal by the IEPC was wrong.

Plaintiffs then requested a due process hearing from the ISD. They were refused. The state defendants failed to intervene when requested by plaintiffs to do so. The parties finally stipulated that plaintiffs would file an administrative complaint with the state defendants and receive an expedited ruling.

A hearing was held in May of 1982. The hearing officer's opinion was that speech instruction was necessary for Lindy to receive a free appropriate public education and ISD had a duty to provide her with such instruction.

In August, 1982, that ruling was reversed on an administrative appeal. It was concluded that Lindy did not need cued speech instruction in her general education classes.

Lindy has since been enrolled in a private school, which provides her, at plaintiffs' expense, with a cued speech interpreter in general education classes. She still attends ISD's special education classes.

Plaintiffs commenced the instant action on October 14, 1982, in Ingham County Circuit Court praying for declaratory, injunctive, and money damage relief. The complaint was in four counts, the sense of each count being that Lindy wanted ISD or the state defendants to provide her with a cued speech interpreter.

Count I alleged a violation of the Education of

the Handicapped Act, 20 USC 1400 *et seq.,* because the refusal of ISD to supply Lindy a cued speech interpreter in general education was a failure to provide her with a free appropriate public education. This count also alleged a right to a full hearing.

Count II alleged a violation of Michigan's mandatory special education act (hereafter MMSE), MCL 380.1701 *et seq.;* MSA 15.41701 *et seq.,* in that failure to provide cued speech resulted in Lindy's losing the right to an appropriate education which maximizes her potential.

Count III alleged a violation of the Michigan Handicappers' Civil Rights Act, MCL 37.1101 *et seq.;* MSA 3.550(101) *et seq.*

Count IV alleged a violation of § 504 of the Rehabilitation Act 1973, 29 USC 794.

State defendants moved for summary judgment in December of 1982, claiming that they were not necessary or proper parties. They also claimed that plaintiffs failed to state a claim for which relief could be granted.

The issues raised on appeal are essentially two. First, are the claims presented in plaintiffs' amended complaint, counts I-IV, sufficient to withstand motions for summary judgment under GCR 1963, 117.2(1)? Second, in relation to those claims were the state defendants, the Michigan Department of Education, Phillip E. Runkel, and Edward Birch, properly joined parties?

When reviewing a motion for summary judgment, this Court is to determine whether plaintiffs' claims as set forth in their pleadings are so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recover. All well-pled facts in the complaint are considered true and only the legal sufficiency of

the pleadings are tested. Proof to support the allegations is not required. *Reeder v Hammond,* 125 Mich App 223; 336 NW2d 3 (1983).

20 USC 1412(1) states that, to receive federal funds, "the state has in effect a policy that assures all handicapped children the right to a free appropriate public education."

A free appropriate public education is to be determined by an individualized educational program designed to meet the unique needs of the handicapped child, the teacher, and parent(s) or guardian(s). 20 USC 1401, subds (18), (19).

Regulations promulgated under the EHA provide:

"(b) Each public agency shall insure:

"(1) *That to the maximum extent appropriate, handicapped children including children in public or private institutions or other care facilities, are educated with children who are not handicapped, and*

"(2) That special classes, separate schooling or other *removal of handicapped children from the regular educational environment occurs only when* the nature or severity of the handicap is such that *education in regular classes with the use of supplementary aids and services* cannot be achieved satisfactorily." 20 USC 1412(5)(B); 34 CFR 300.550. (Emphasis added.)

Subsection (B)(1) is the regulatory language for mainstreaming handicapped students.

A program must also provide a continuum of placements which shall:

"(1) Include the alternative placements listed in the definition of special education under § 300.13 of Subpart A *(instruction in regular classes, special classes, special schools, home instruction, and instruction in hospitals and institutions),* and

"(2) *Make provisions for supplementary services* (such

as resource room or itinerant instruction) *to be provided in conjunction with regular class placement.*" 34 CFR 300.551. (Emphasis added.)

Michigan's implementing statute, MCL 380.1701 *et seq.;* MSA 15.41701 *et seq.,* MMSE, goes even further than the EHA. The goal in Michigan is to "develop the maximum potential of every handicapped person". MCL 380.1701(a); MSA 15.41701(a).

In addition, the EHA provides a procedural system for redress of complaints giving dissatisfied parties a right to an impartial due process hearing followed by a right of appeal to the state educational agency. If the party is still dissatisfied they have a right to bring a civil action in either a state court of competent jurisdiction or in a federal district court. 20 USC 1415, subds (a)-(e).

The plaintiffs have alleged that Lindy is handicapped and of age for public education. Thus, her rights vest under the EHA and the MMSE.

Plaintiffs also allege that Lindy has a right to a free appropriate public education, 20 USC 1412(1), which will develop her maximum potential, MCL 380.1701(a); MSA 15.41701(a). They also claim that she has a right to be educated in a regular educational environment with the use of supplementary aids or services. 20 USC 1412(5)(B); 34 CFR 300.550. They further claim a cued speech interpreter is an aid or service within the meaning of the statutes to enable Lindy to be mainstreamed. Further, allegations are that the failure of ISD and the state board to provide Lindy with a cued speech interpreter is a violation of the EHA and the MMSE. Plaintiffs pursued their administrative remedies and now claim a right to file a civil action in the circuit court. 20 USC 1415, subds (a)-

(e). We are convinced that the above facts, taken to be true in a motion for summary judgment, make out a cause of action in counts I and II.

Counts III and IV allege general handicappers' civil rights violations. These are general acts concerning basic civil rights for handicappers whereas the EHA and the MMSE are specific rules for education of handicappers. In *Flint Bd of Ed v Williams,* 88 Mich App 8, 15-16; 276 NW2d 499 (1979), the Court made the following statement:

"We are further guided by the principle that, where there are two acts, one of which is special and particular and includes the matter in question, and the other of which is general, and which, if standing alone, would include the same matter and thus, conflict with the special act, the special act must be viewed as an exception to the general. 21 Michigan Law & Practice, Statutes, § 99, pp 117-118."

Plaintiffs are limited to those remedies provided in the EHA and MMSE. See also *Smith v Cumberland School Committee,* 703 F2d 4 (CA 1, 1983).

The specific statutes are exceptions to the general and as such limit the scope of the general statutes. Summary judgment was proper under counts III and IV.

Plaintiffs also claim that the state defendants are necessary and proper parties. State defendants claim that their duty was to ensure procedural safeguards and that they have no duty to Lindy or the ISD to provide a cued speech interpreter.

The leading case is *Hendrick Hudson Central School Dist Bd of Ed v Rowley,* 458 US 176; 102 S Ct 3034; 73 L Ed 2d 690 (1982). Justice Rehnquist comprehensively discussed 20 USC 1401 *et seq.* He states that the standard of review requires two steps:

"First, has the *State* complied with the procedures set forth in the Act? And second, is the individualized educational program developed through the Act's procedures reasonably calculated to enable the child to receive educational benefits?" 458 US 206-207. (Emphasis added.)

We cannot reach the second step because the trial court never answered that question. The first question is answered because the state defendants claim they have done their duty. They haven't. Throughout *Rowley,* the state's obligations are continually referred to in connection with the act. 20 USC 1400(B)(8) states:

"(8) State and local educational agencies have a responsibility to provide education for all handicapped children, but present financial resources are inadequate to meet the special educational needs of handicapped children;"

MMSE § 380.1701 states:

"The *state board* shall:
"(a) Develop, establish and continually evaluate and modify in cooperation with intermediate school boards, a state plan for special education which shall provide for the delivery of special education programs and services designed to develop the maximum potential of every handicapped person. The plan shall coordinate all special education programs and services." (Emphasis added.) MCL 380.1701; MSA 15.41701.

It is quite clear the state defendants have the ultimate obligation for enforcing the statutes and as such are necessary and proper parties. *Georgia Ass'n of Retarded Citizens v McDaniel,* 500 F Supp 1263 (ND Ga, 1981).

Plaintiffs also claim money damages to recoup

expenses incurred by placing Lindy in a private school, and for general discrimination damages. The latter claim can be dismissed because the trial court has been affirmed in granting summary judgment for counts III and IV insofar as general discrimination claims are concerned.

The claim of specific money damages for placing Lindy in a private school which offered a cued speech interpreter for her general education should be addressed because the issue may surface at the trial.

The EHA's only reference to relief under the act states, "the court * * * shall grant such relief as the court determines is appropriate". 20 USC 1415(e)(2). The MMSE only refers to criminal liability for violations of the act. MCL 380.1804, 380.1805(2); MSA 15.41804, 15.41805(2).

The issue of whether money damages are recoverable has been addressed in other jurisdictions. The Fourth Circuit in *Stemple v Prince George's County Bd of of Ed,* 623 F2d 893 (CA 4, 1980), *cert den* 450 US 911; 101 S Ct 1348; 67 L Ed 2d 334 (1981), held that the parents could not recover if they unilaterally placed the child in a private school during the pendency of the suit. The Eighth Circuit agreed in *Miener v Missouri,* 673 F2d 969 (CA 8, 1982).

Further, the federal courts have consistently held that general damages for tort liability are not recoverable under the EHA. *Anderson v Thompson,* 658 F2d 1205 (CA 7, 1981); *William S v Gill,* 536 F Supp 505 (ND Ill, 1982). *Anderson, supra,* had a bad-faith exception.

The only case addressing damages in this circuit to date is *Sanders v Marquette Public Schools,* 561 F Supp 1361 (WD Mich, 1983). That court followed the exceptionless no-recovery rulings of the *Stem-*

*ple* and *Miener* cases. We are persuaded this is the correct view, and thus money damages are not recoverable under either the EHA or the MMSE statutes.

There are several parts to our decision in this case. First, the trial court is affirmed in granting summary judgment for the state defendants as to counts III and IV, the general state and federal civil rights claims. The trial court is reversed in its determination that state defendants are not necessary and proper parties in the EHA and MMSE counts. Further, plaintiffs pled valid causes of action against state defendants in counts I and II, the EHA and MMSE counts. Finally, money damages are not recoverable under the EHA and MMSE statutes. We find these statutes remedial in nature to afford handicapped children a right to a free appropriate public education which maximizes their education potential. The goals can be effectively achieved through declarative and injunctive relief.

We do not intend this decision to be construed as an opinion of whether Lindy needs a cued speech interpreter. That is a question for the trial court. This opinion only addresses the issues of the propriety of the grant of summary judgment, whether state defendants were proper parties, and if money damages can be recovered.

Affirmed in part, reversed in part, and remanded. No costs, a public question being resolved.