JOHNSON v CLARK

Docket No. 99151. Submitted October 7, 1987, at Marquette. Decided December 21, 1987.

Christopher Johnson, who had a learning disability while a student of the Marquette Public Schools, brought an action in Marquette Circuit Court against Pamela Clark and others. Plaintiff sought damages for injuries arising from the negligence of defendants, all of whom are teachers or administrators in the Marquette Public Schools, in their failure to properly perform annual tests and evaluations as required by the federal Education of the Handicapped Act and the Michigan mandatory special education act. The trial court, Edward A. Quinnell, J., granted summary disposition in favor of defendants, ruling that plaintiff had failed to state a claim upon which relief can be granted. The trial court denied a subsequent motion by plaintiff for leave to amend the complaint to allege teacher negligence under common law. Plaintiff appealed.

The Court of Appeals held:

1. Money damages are not recoverable under the federal or state acts involved in this case.

2. Teachers have no common-law duty to properly test and evaluate special education students apart from the duties imposed by the Federal Education of the Handicapped Act and the Michigan mandatory special education act.

Affirmed.

1. SCHOOLS — HANDICAPPERS — ACTIONS — DAMAGES — REMEDIES.

Money damages are not recoverable in an action alleging failure to test and evaluate a special education student as required by the Federal Education of the Handicapped Act and the Michigan mandatory special education act (20 USC 1401 et seq.; MCL 380.1701 et seq.; MSA 15.41701 et seq.).

REFERENCES

Am Jur 2d, Civil Rights § 92.5.

Am Jur 2d, Municipal, School, and State Tort Liability §§ 73-75.

Tort liability of public school or government agency for misclassification or wrongful placement of student in special education program. 33 ALR4th 1166.

2. SCHOOLS — HANDICAPPERS — ACTIONS.

> Teachers have no common-law duty to properly test and evaluate special education students apart from the duties imposed by the Federal Education of the Handicapped Act and the Michigan mandatory special education act.

*Wisti & Jaaskelainen, P.C.* (by *Roger W. Zappa*), for plaintiff.

*Kendricks, Bordeau, Adamini, Keefe, Smith & Girard, P.C.* (by *Dennis H. Girard*), for defendants.

Before: R. M. MAHER, P.J., and G. R. McDONALD and R. C. LIVO,* JJ.

PER CURIAM. Plaintiff appeals as of right from a November 21, 1986, order granting defendants' motion for summary disposition and a March 4, 1987, order denying plaintiff leave to file a first amended complaint.

Plaintiff was a student with a learning disability in the Marquette Public Schools, who at the time of his high school graduation possessed the reading capacity of a fourth grader. Plaintiff commenced this action, naming his teachers, and the schools' clinical psychologist, principal and administrator as defendants. The original complaint alleged negligence and defendants' failure to comply with the Federal Education of the Handicapped Act (EHA), 20 USC 1401 *et seq.*, and the Michigan mandatory special education act (MMSEA), MCL 380.1701 *et seq.*; MSA 15.41701 *et seq.* In particular, plaintiff alleged that defendants' failure to properly perform annual tests and evaluations required by the above statutes and regulations promulgated thereunder resulted in plaintiff's failure to learn that he suffered from dyslexia. Plaintiff seeks monetary

---

* Circuit judge, sitting on the Court of Appeals by assignment.

damages for injuries allegedly suffered due to defendants' negligence.

For purposes of this appeal defendants admit that the required annual tests were not performed on plaintiff for the years 1979 and 1982.

Defendants filed a motion for summary disposition under MCR 2.116(C)(8) alleging that the complaint failed to state a cause of action upon which relief can be granted. Defendants argued that the acts in question do not create a private right of action for damages. The trial court granted defendants' motion but afforded plaintiff an opportunity to amend his complaint to allege a common-law negligence cause of action, provided plaintiff could present the court with legal authority indicating that a common-law duty in support of an action for teacher negligence existed.

A hearing was held on February 13, 1987, at which time the trial court found that plaintiff failed to provide adequate legal authority to support the existence of a common-law actionable duty for the negligence or malpractice alleged in plaintiff's first amended complaint. The trial court accordingly denied plaintiff permission to file his first amended complaint.

Although plaintiff's first amended complaint was never filed, a copy of the same is contained in the record. We believe the issue raised in this appeal is of continuing public interest and therefore will address the merits of plaintiff's proposed first amended complaint.

Two issues are addressed in this appeal: whether a plaintiff may recover monetary damages under the EHA and the MMSEA, and whether Michigan recognizes an action for teacher negligence or malpractice.

The initial question to be addressed is whether the EHA or the MMSEA empower a private person to

bring suit for impairment of rights allegedly secured by the acts. The EHA's only reference to relief under the act provides that a court "shall grant such relief as the court determines is appropriate." 20 USC 1415(e)(2). The MMSEA only provides for criminal liability in the event of its violation. MCL 380.1804, 380.1805(2); MSA 15.41804, 15.41805(2). Although some courts have held that there is an implied private cause of action under the EHA, see, e.g., *Sanders v Marquette Public Schools,* 561 F Supp 1361 (WD Mich, 1983), *Miener v Missouri,* 673 F 2d 969 (CA 8, 1982); *Anderson v Thompson,* 658 F2d 1205 (CA 7, 1981), other courts have held that monetary damages are not recoverable under the act. *Sanders, supra.* In addition, this Court has previously ruled that money damages are not recoverable under the MMSEA. *Woolcott v State Bd of Ed,* 134 Mich App 555; 351 NW2d 601 (1984).

Therefore, in the instant case the trial judge did not err in granting defendants' motion for summary disposition on plaintiff's original complaint.

The next issue to be addressed is whether Michigan recognizes an action for failure to teach properly. Plaintiff's first amended complaint alleges an action in negligence against defendants based on an alleged common-law duty to test and provide proper special education with reasonable care. However, plaintiff has failed to provide, and we are unable to locate, any authority indicating the existence of a teacher's common-law duty to properly test, evaluate or educate special education students. Although Michigan law recognizes a teacher's liability for a student's injuries proximately caused by the teacher, this liability is based on a person's common-law duty to refrain from negligently injuring others, and deals with personal injury, not teacher malpractice. *Lovitt v*

*Concord School Dist,* 58 Mich App 593; 228 NW2d 479 (1975); *Gaincott v Davis,* 281 Mich 515; 275 NW 229 (1937).

Plaintiff recognizes that an action in negligence requires the existence of a duty owed by the defendant to the plaintiff. *Williams v Polgar,* 391 Mich 6; 215 NW2d 149 (1974). Therefore, because there is no common-law duty requiring teachers to properly test and evaluate special education students, plaintiff is attempting to supply such a duty from the EHA and the MMSEA statutory testing and evaluation requirements. In effect, plaintiff is trying to do indirectly what he may not do directly. Plaintiff wants to create a duty to test and evaluate as required by the acts in question, but does not want to be bound by the remedies prescribed in the acts for their violations.

In negligence actions, a court is to assess competing policy considerations and determine as a matter of law whether a defendant owes an actionable legal duty to the plaintiff. *Jackson v New Center Community Mental Health Services,* 158 Mich App 25; 404 NW2d 688 (1987). In considering the competing policy considerations in the instant case, we look to the statute from which plaintiff is attempting to abstract a duty, the EHA. After analyzing the statute's legislative history as discussed in *Loughran v Flanders,* 470 F Supp 110 (D Conn, 1979), and *Anderson, supra,* we are convinced, as was the *Loughran* court, that Congress did not intend for the statute "to serve as a vehicle through which to initiate a private cause of action for damages," *Loughran, supra,* and therefore decline to recognize an actionable common-law duty to test and evaluate special education students apart from the duties already imposed by the statute.

Therefore, we affirm the trial court's order deny-

ing plaintiff leave to file a first amended complaint as it failed to state a claim upon which relief can be granted. MCR 2.116(C)(8).

Affirmed.