JENKINS v CARNEY-NADEAU PUBLIC SCHOOL

Docket No. 151337. Submitted May 4, 1993, at Marquette. Decided August 3, 1993, at 9:05 A.M. Leave to appeal sought.

Susan Jenkins, as next friend of Amber Jenkins, a disabled minor enrolled in the Carney-Nadeau Public School, brought an action in the Menominee Circuit Court against the school, alleging discrimination in violation of the Handicappers' Civil Rights Act, MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.*, with respect to certain conditions the school imposed on Amber pursuant to an individualized education program required by the Individuals with Disabilities Education Act, 20 USC 1400 *et seq.*, and the mandatory special education act, MCL 380.1701 *et seq.*; MSA 15.41701 *et seq.* The court, John D. Payant, J., granted summary disposition for the school, ruling that the plaintiff failed to state a claim upon which relief could be granted under the Handicappers' Civil Rights Act. The plaintiff appealed.

The Court of Appeals *held:*

The mandatory special education act, being a more specific statute than the Handicappers' Civil Rights Act in the governance of special education programs and services for handicapped public school students, controls the plaintiff's challenge of the conditions the defendant school imposed on Amber pursuant to her individualized education program.

Under the mandatory special education act, the provisions of an individualized education program cannot be challenged in federal or state court unless the administrative remedies provided by the act are first exhausted. In this case, the trial court, in summarily dismissing the plaintiff's claim, correctly determined that such administrative remedies were not exhausted.

Affirmed.

REFERENCES

Am Jur 2d, Civil Rights § 92.5; Schools §§ 330-335.

Exhaustion of state administrative remedies under sec. 615 of the Education for All Handicapped Children Act (20 USCS sec. 1415). 62 ALR Fed 376.

SCHOOLS — SPECIAL EDUCATION — INDIVIDUALIZED EDUCATION PRO-
    GRAMS — MANDATORY SPECIAL EDUCATION ACT.
    A challenge of the provisions of an individualized education
    program prepared for a disabled public school student pursuant
    to the Individuals with Disabilities Education Act and the
    mandatory special education act is subject to the administra-
    tive appeals procedure provided by those acts; a challenge may
    not be made in federal or state court unless such administra-
    tive remedies are first exhausted (20 USC 1400 *et seq.*; MCL
    380.1701 *et seq.*; MSA 15.41701 *et seq.*).

*Petrucelli & Petrucelli, P.C.* (by *Joseph C. Sarto-relli*), for the plaintiff.

*Weber, Swanson & Dettmann* (by *Keith E. Swanson*), for the defendant.

Before: SAWYER, P.J., and HOOD and WEAVER, JJ

PER CURIAM. This is a discrimination action brought under the Handicappers' Civil Rights Act (HCRA), MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.* Plaintiff appeals as of right from the trial court's grant of summary disposition to defendant under MCR 2.116(C)(8). We affirm.

Plaintiff was born with spina bifida and suffers from related disabilities. She complains that the school will not allow her to use her motorized wheelchair in the school building, that she is forced to walk up stairs, which causes her pain, and that attention is drawn to her handicap because an aide has been assigned to accompany her at school even though she does not need such assistance. The school contends that the complained-of conditions are required by plaintiff's individualized education program (IEP) and that in order to challenge them, she must follow certain administrative procedures. We agree with defendant.

Under the Individuals with Disabilities Educa-

tion Act (IDEA), 20 USC 1400 *et seq.*,[1] states must fulfill certain conditions in order to receive federal assistance. See 20 USC 1412. Among other things, states must have "in effect a policy that assures all children with disabilities the right to a free appropriate public education" and must develop a detailed plan with goals and timetables implementing that policy. 20 USC 1412(1) and (2). Further, "[e]ach local educational agency . . . will maintain records of the individualized education program for each child with a disability, and such program shall be established, reviewed, and revised" at least annually. 20 USC 1412(4); 20 USC 1414(a)(5).

Under the IDEA, states are required to provide an administrative appeals procedure for the review of decisions regarding the "identification, evaluation, . . . educational placement, or the provision of free appropriate education." 20 USC 1415(b)(1)(E). Administrative decisions may eventually be appealed to either state or federal court. 20 USC 1415(e)(2). However, administrative remedies must be exhausted before resorting to the courts. *Doe v Smith,* 879 F2d 1340, 1343 (CA 6, 1989).

Michigan has implemented the IDEA through the mandatory special education act (MSEA), MCL 380.1701 *et seq.*; MSA 15.41701 *et seq.* See *Woolcott v State Bd of Ed,* 134 Mich App 555, 562; 351 NW2d 601 (1984). Pursuant to the MSEA, regulations have been promulgated controlling the preparation, content, and appeal of IEPs. See 1987 AACS, R 340.1721-340.1725e; see also 1990 AACS, R 340.1722a. As mandated by the IDEA, once the administrative process is exhausted, the school board's decision may be appealed to either state or federal court. See 1987 AACS, R 340.1725(3); 1980 AACS, R 340.1725a; see also 20 USC 1415(e)(2) and *Doe, supra* at 1343.

---

[1] Formerly known as the Education of the Handicapped Act.

Here, plaintiff has declined to follow this administrative procedure and has instead filed suit directly in the circuit court under the HCRA. She relies on a provision that makes it unlawful for an educational institution to "[e]xclude, expel, limit or otherwise discriminate against an individual . . . enrolled as a student in the terms, conditions, and privileges of the institution, because of a handicap that is unrelated to the individual's ability to utilize and benefit from the institution, or because of the use by an individual of adaptive devices or aids." MCL 37.1402(b); MSA 3.550(402)(b). Plaintiff argues that she has an independent right to sue under that section. See MCL 37.1606(1); MSA 3.550(606)(1). We disagree.

Specific statutes prevail over general statutes covering the same subject matter. *Woolcott, supra* at 563. Contrary to plaintiff's arguments, the MSEA is unquestionably more specific than the HCRA.

As noted above, the HCRA prohibits discrimination on the basis of handicap. See MCL 37.1402(b); MSA 3.550(402)(b). The MSEA, on the other hand, affirmatively requires the state to provide "special education programs and services designed to develop the maximum potential of every handicapped person." MCL 380.1701(a); MSA 15.41701(a). This means not only refraining from excluding, expelling, limiting, or otherwise discriminating against handicapped students, but also affirmatively providing them with special programs and services designed to maximize their potential. The MSEA therefore more specifically addresses the education of disabled children than does the HCRA.

Additionally, regulations issued pursuant to the MSEA govern the preparation and content of IEPS and provide an administrative procedure for appeals. The HCRA does not address IEPS at all.

Clearly then, the MSEA is also more specific than the HCRA regarding the source of the allegedly discriminatory conditions.

The case relied upon by plaintiff, *Littsey v Wayne State University Bd of Governors,* 108 Mich App 406; 310 NW2d 399 (1981), is distinguishable because it involved a hearing-impaired law student, not a special education pupil enrolled in an intermediate school district, and therefore the MSEA simply did not apply. See MCL 380.1701(a); MSA 15.41701(a); MCL 388.1705(1)(a); MSA 15.1919(1005)(1)(a). We are not, however, deciding that disabled students covered by the MSEA can never sue under the HCRA. We hold only that plaintiff may not circumvent the MSEA's administrative procedures for appealing IEPs by filing suit under the HCRA. *Woolcott, supra* at 563; see also *Smith v Robinson,* 468 US 992, 1019; 104 S Ct 3457; 82 L Ed 2d 746 (1984); *Austin v Brown Local School Dist,* 746 F2d 1161, 1164 (CA 6, 1984); *Smith v Cumberland School Committee,* 703 F2d 4, 9-10 (CA 1, 1983).

The trial court properly held that plaintiff was limited to the administrative remedies provided by the MSEA and that her complaint failed to state a claim under the HCRA.

Affirmed.