## IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

FILED

**October 29, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

**JOSEPH ROGERS, BY AND**                )
**THROUGH HIS MOTHER AND NEXT**  )
**FRIEND, JUDY LONG,**                          )
                                                                  )
     Plaintiff/Appellant,                )     Shelby Law No. 65673 T.D.
                                                                  )
**vs.**                                                         )
                                                                  )     Appeal No. 02A01-9604-CV-00066
**MEMPHIS CITY SCHOOLS,**            )
                                                                  )
     Defendant/ Appellee.                 )
                                                                  )

APPEAL FROM THE CIRCUIT COURT OF SHELBY COUNTY
AT MEMPHIS, TENNESSEE

THE HONORABLE JAMES E. SWEARENGEN, JUDGE

For the Plaintiff/Appellant:     For the Defendant/Appellee:
William G. Hardwick, II         Ernest G. Kelly, Jr.
Memphis, Tennessee          Memphis, Tennessee

**AFFIRMED**

HOLLY KIRBY LILLARD, J.

CONCUR:

ALAN E. HIGHERS, J.

DAVID R. FARMER, J.

**OPINION**

The plaintiff in this case asserts a claim under the Tennessee Governmental Tort Liability Act. In the complaint, the plaintiff alleged that the Memphis City Schools failed to provide special education services as required by federal law, and that this failure constituted negligence under the Act. The trial court dismissed the case for lack of subject matter jurisdiction. We affirm the dismissal on other grounds.

Plaintiff/Appellant Joseph Rogers ("Rogers") was a student in the Memphis City Schools ("Memphis") during the 1992-93 and 1993-94 academic years. Rogers' mother, Judy Long ("Long"), alleged that she made repeated requests that Rogers be placed in special education classes during the 1992-93 school year. These requests were not granted. In October and November of 1993, Memphis placed Rogers in special education classes, but for the most part Rogers remained in a general education program.

Long alleged that in May of 1994, Memphis school officials held meetings to prepare an Individualized Education Plan ("IEP"), pursuant to the Individuals with Disabilities Education Act, 20 U. S. C. §§ 1400 to 1491o[1] Long asserted that she was not given proper notice of the meeting, nor of her right to appeal decisions regarding the IEP. Thereafter, Long and Rogers moved to Pennsylvania and Rogers withdrew as a student in the Memphis City School System.

Long filed this Complaint on Rogers' behalf. The lawsuit was filed in the Shelby County Circuit Court under the Tennessee Governmental Tort Liability Act ("TGTLA"), Tenn. Code Ann. §§ 29-20-101 to 29-20-407 (1980 & Supp. 1996). In the Complaint, Rogers alleged that Memphis failed to follow the procedures required by federal law for providing special education services, and that this constituted negligence per se under the TGTLA. Rogers sought damages for pain and suffering, as well as loss of educational opportunities and other damages. Memphis filed a motion to dismiss for failure to state a claim upon which relief could be granted, claiming that the TGTLA does not allow suits for "educational malpractice," that the exceptions to liability in the TGTLA applied, that Rogers failed to exhaust his administrative remedies, and that the case was moot because Rogers no longer lived in the jurisdiction. The trial court dismissed the complaint for lack of subject matter jurisdiction. From this decision, the plaintiffs appeal.

---

[1] Some of Congress' most recent additions to the IDEA can be found at 20 U.S.C. §§ 1491 - 1491o. The IDEA was previously known as the Education of the Handicapped Act and the Education for All Handicapped Children Act.

On appeal, Rogers contends that the trial court erred in dismissing the Complaint for lack of subject matter jurisdiction. The issue of subject matter jurisdiction is a question of law, and our review is *de novo* with no presumption of correctness. *See Jonesboro Drywall & Plaster Co. v. Kirby*, No. 03A01-9508-CH-00276, 1995 WL 697901, at *1 (Tenn. App. Nov. 28, 1995) (citing *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993)).

Rogers notes that a violation of federal and state regulations can be the basis for a negligence claim under Tennessee law. *See Bellamy v. Federal Express Corp.*, 749 S.W.2d 31, 34-35 (Tenn. 1988) (holding that a violation of federal and state occupational safety and health statutes constitutes negligence per se). In this case, Rogers claims that Memphis was negligent under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1491 (1994), as well as the special education laws in Tennessee, Tenn. Code Ann. §§ 49-10-101 to 49-10-1203 (1996). These duties purportedly included holding a hearing to prepare an IEP for Rogers, notifying Rogers' parent, and scheduling tests to assess Rogers' special education needs. Thus, Rogers argues that he has a negligence claim for violations of federal and state law under the TGTLA and that the trial court erred in dismissing his claim for lack of subject matter jurisdiction.

If Rogers states an actionable claim under the TGTLA, then the trial court would have subject matter jurisdiction over this cause. *See* Tenn. Code Ann. § 29-20-307 (1996). Thus, we must determine whether Rogers may assert a claim under the TGTLA for alleged violations of the IDEA and the Tennessee special education laws. This issue is one of first impression in Tennessee.

Congress enacted the IDEA "to assure that all children with disabilities have available to them . . . a free appropriate public education." 20 U.S.C. § 1400(c) (1994). To accomplish this goal, the IDEA provides federal funding to states who meet certain requirements. *Id.* § 1412. Among other requirements, states must establish procedural safeguards. *Id.* § 1412(5). These safeguards include informing the parent or guardian of all procedures available and providing a due process hearing when a parent or guardian complains that his or her child has been denied the rights secured by the IDEA. *Id.* §§ 1415(b)(1)(C), (b)(2). States must also provide procedures for the administrative review of decisions regarding the "identification, evaluation, or educational placement of the child, or the provision of free appropriate public education to such child." *Id.* § 1415(b)(1)(E). These administrative remedies must be exhausted before a plaintiff may file suit in federal or state court

2

under the IDEA. *See id.* § 1415(e) (providing that only parties aggrieved by an administrative decision may bring a civil action).

To implement the IDEA, Tennessee enacted its own special education statutes. *See* Tenn. Code Ann. §§ 49-10-101 to 49-10-1203 (1996). These statutes set forth the requirements for the content of IEPs, *id.* § 49-10-114, as well as the procedures for administrative review. *Id.* § 46-10-601. As required by the IDEA, plaintiffs must exhaust their administrative remedies before appealing an administrative decision to either federal or state court. *See Crocker v. Tennessee Secondary Sch. Athletic Ass'n*, 873 F.2d 933, 936 (6th Cir. 1989) (dismissing parents' IDEA case because of their failure to exhaust state administrative remedies).

In *Smith v. Robinson*, 468 U.S. 992, 104 S. Ct. 3457, 82 L. Ed. 2d 746 (1984), the United States Supreme Court considered whether plaintiffs who sued to secure a "free appropriate public education" for a child with disabilities under the IDEA could recover attorney's fees. *Id.* at 994, 104 S. Ct. at 3459. At that time, the IDEA did not provide for the award of attorney's fees, but the plaintiffs had asserted other legal theories for which attorney's fees could be awarded. *Id.* The Court noted that the IDEA is a comprehensive scheme and stated that a plaintiff may not "circumvent the requirements or supplement the remedies" provided under the IDEA by resorting to other legal theories. *Id.* at 1019, 104 S. Ct. at 3472. The Court therefore held that the IDEA is the exclusive avenue for a child asserting the right to a free appropriate public education, and that the plaintiffs could not recover attorney's fees under the other legal theories that provided for such an award.[2] *Id.* at 1021, 104 S. Ct. at 3473.

Subsequent cases construing *Smith* have held that pendent state law claims are barred because the IDEA provides the exclusive remedy for a child denied the right to a public special education. *See, e.g.*, *Town of Burlington v. Department of Educ.*, 736 F.2d 773, 788 (1st Cir. 1984) (holding that "state law cannot provide a separate basis for relief via a pendent state claim"), *aff'd sub nom. Burlington Sch. Committee v. Department of Educ.*, 471 U.S. 359, 105 S. Ct. 1996, 85 L. Ed. 2d 385 (1985); *Barwacz v. Michigan Dept. of Educ.*, 674 F. Supp. 1296, 1308 (W.D. Mich.

---

[2] The IDEA was amended in 1986 to state explicitly that it did not prevent claims under the Constitution, Title V of the Rehabilitation Act of 1973, and other federal statutes protecting the rights of children with disabilities. *See* 20 U.S.C. § 1415(f) (1990). This amendment did not address pendent state law claims.

1987) (dismissing plaintiff's state law claims for denial of special education services for failure to state a claim upon which relief could be granted).

State courts in other jurisdictions have also held that plaintiffs cannot circumvent the administrative procedures required under the IDEA by pursuing an independent claim under state law. In *Jenkins v. Carney-Nadeau Public Sch.*, 505 N.W.2d 893 (Mich. App. 1993), a student with disabilities sued her school system under Michigan's state handicap discrimination statute. *Id.* The trial court in that case dismissed the lawsuit for failure to state a claim upon which relief could be granted. *Id.* On appeal, the Michigan court noted that the conditions challenged by the student were included in her IEP as required by the IDEA. *Id.* at 894. Instead of following administrative procedures to challenge that plan, the student went directly to court and filed suit under the state handicap discrimination laws. *Id.* The court noted first that specific statutes prevail over general ones. It reasoned that, because the IDEA was more specific than the state's handicap discrimination laws, a plaintiff could not circumvent the administrative procedures required under the IDEA and the state special education laws by suing under the state discrimination laws. *Id.* Consequently, the court held that the student was limited to the administrative remedies provided under the IDEA and state special education laws and affirmed the trial court's dismissal of the case for failure to state a claim. *Id.* at 895.

Furthermore, other courts have held that a plaintiff may not recover damages for pain and suffering because the IDEA does not provide for such damages. In *Kelly K. v. Town of Framingham*, 633 N.E.2d 414 (Mass. Ct. App. 1994), the parents of a student with learning disabilities brought a tort action to recover money damages for the alleged failure to provide her with an education suited to her special needs. *Id.* at 416. Citing *Smith*, the court observed that the IDEA is the only avenue for a child denied the right to a free special education and that the remedies provided in the IDEA are exclusive. *Id.* at 418. The court noted that IDEA does not provide for damages for pain and suffering. It held that the plaintiff could not recover such damages by resorting to other legal theories. *Id.*

In another decision, *Crocker v. Tennessee Secondary Sch. Athletic Ass'n*, 980 F.2d 382 (6th Cir. 1992), a student with learning disabilities sought to recover compensatory and punitive damages for a violation of the IDEA. *Id.* at 385. The court noted that the only monetary damages a plaintiff could recover under the IDEA were reimbursement expenses for the costs of providing educational

4

services for the child. *Id.* at 386. Consequently, the court held that the student could not recover general damages for emotional anguish under the IDEA. *Id.*

In this case, Rogers seeks to recover money damages for pain and suffering under the TGTLA when those damages are not available under the IDEA. *See Kelly K.*, 633 N.E.2d at 418; *Crocker*, 980 F.2d at 386. The plaintiffs cannot "circumvent the requirements or supplement the remedies" in the IDEA by resorting to other legal theories. *Smith*, 468 U.S. at 1019, 104 S. Ct. at 3469; *see also Barwacz v. Michigan Dept. of Educ.*, 674 F.2d 1296, 1308 ("[S]tate law cannot provide a separate basis for relief via a pendent state claim"). Therefore, under *Smith*, Rogers is limited to the remedies provided in the IDEA and cannot supplement those remedies by resorting to a claim under the TGTLA for alleged violations of the IDEA.

Because the IDEA is the exclusive remedy for a child with disabilities asserting the right to a free appropriate public education, Rogers has failed to state a claim under the TGTLA. Although the trial court dismissed the complaint for lack of subject matter jurisdiction, this Court can affirm a trial court on different grounds when the trial court reached the correct result. *See Continental Cas. Co. v. Smith*, 720 S.W.2d 48, 50 (Tenn. 1986). Therefore, we affirm the trial court's decision to dismiss the complaint. All other issues raised by the parties are pretermitted by this holding.

The decision of the trial court is affirmed. Costs are taxed to Appellant, for which execution may issue if necessary.

_____
**HOLLY KIRBY LILLARD, J.**

**CONCUR:**

_____
**ALAN E. HIGHERS, J.**

_____
**DAVID R. FARMER, J.**

5