Brian KUSZEWSKI, a minor, by his
parents, Richard KUSZEWSKI and
Cindy Kuszewski, Plaintiffs,

v.

CHIPPEWA VALLEY SCHOOLS,
Defendant.

No. 96–74316.

United States District Court,
E.D. Michigan,
Southern Division.

Oct. 17, 2000.

Stewart R. Hakola, Marquette, MI, for
Plaintiff.

Robert A. Lusk, Cara L. Brott, Keller,
Thoma, Schwarze, Schwarze, DuBay &
Katz, PC, Detroit, MI, for Defendant.

## AMENDED OPINION AND ORDER

FEIKENS, District Judge.

### I. INTRODUCTION

The Plaintiffs, Kuszewskis, continue
their case against defendant, Chippewa

Valley Schools (CVS), based on the Individuals with Disabilities Education Act (IDEA), *20 U.S.C. §§ 1400* (2000) et seq., alleging that the school district interfered with Brian's educational opportunities in violation of IDEA. Pursuant to Federal Rule of Civil Procedure 56(b), the CVS have moved for summary judgment contending that the plaintiffs are barred from raising their objections to the ruling of the local hearing officer and the state hearing review officer.

## II. FACTUAL BACKGROUND

Brian Kuszewski is a "child with a disability" within the meaning of the Individuals with Disabilities in Education Act (IDEA). Brian was a student at CVS until his parents unilaterally withdrew him from the district and put him in private placement on August 25, 1999. Under the IDEA, the CVS is required to provide Brian with a Free Appropriate Public Education (FAPE), *20 U.S.C. § 1412(a)(1)(A)* (2000). To attain this goal, the IDEA requires that CVS must provide an Individualized Educational Program (IEP), specially designed to meet Brian's unique educational needs, prior to each school year, *20 U.S.C. § 1414(d)(2)(A)* (2000). The Kuszewskis claim that CVS denied Brian a FAPE by providing him with an inadequate and untimely IEP.

The current motion is in continuation of an ongoing case that has been before me since November of 1997. The current and previous disputes between the Kuszewskis and the CVS relate to whether Brian has received adequate IEPs from the school district. The facts in this case are set forth in a previously published opinion and I refer to it to provide specific background. *Kuszewski v. Chippewa Valley Schools,* 51 F.Supp.2d 812, 816 (E.D.Mich.1999). In summary, my prior opinion and order held that the plaintiffs failed to exhaust their administrative remedies as required under IDEA; I granted the defendant's motion for summary judgment and ordered the plaintiffs to proceed

to secure the administrative remedies they sought under the Michigan Administrative Code. *Id.* Thus, I stayed this case until the plaintiffs had exhausted available administrative remedies. *Id.* The motion before me questions whether the plaintiffs complied with my order.

Following the remand, the plaintiffs have been pursuing a lengthy administrative appeal process. I note that a parent, in Michigan, who objects to an IEP may request a due process hearing conducted by a local hearing officer (LHO). *Mich. Admin. Code R 340.1724* (2000). The hearings began on June 29, 1999 when the plaintiffs presented evidence before LHO James Flaggert regarding Brian's previous and current IEPs. On August 25, 1999, after six days of hearings, plaintiffs' attorney, John Makris, informed the LHO that the Kuszewskis had unilaterally withdrawn Brian from the CVS and had placed him in a private school. Based on this information, the school district filed a motion to dismiss the appeal as moot. The LHO granted the defendant's motion to dismiss on September 1, 1999. The Kuszewskis then attempted to appeal that decision of the LHO to a state level hearing.

In Michigan, when a hearing occurs at the local level, the parents (or the district) are also entitled to file an "appeal" to the state department of education. *20 U.S.C. 1415(g)* (2000). The parents or the school district may appeal the LHO's decision to a state level review conducted by a state hearing review officer (SHRO). *Mich. Admin. Code R 340.1725(1)* (2000).

By letter dated September 28, 1999, the Kuszewskis filed an appeal with the Michigan State Department of Education. That Department recorded their appeal as of that date and requested additional information from the plaintiffs to complete the processing of the appeal. The plaintiffs responded by filing the information with the Department on October 10, 1999. The Department then appointed SHRO, William Sosnowsky, to conduct the state level hearing.

After the hearing officer was appointed, the school district filed a motion to dismiss the plaintiffs' appeal on two grounds. First, it argued that the appeal was untimely based on administrative rules. The second basis was that the LHO properly dismissed the hearing at the local level because it became moot when Brian was withdrawn from CVS. The SHRO granted the motion on both grounds and issued a written opinion on November 18, 1999. The plaintiffs then sought review of the SHRO's decision by filing a motion for summary judgment before me on August 17, 2000. The defendant responded with a cross-motion for summary judgment on August 25, 2000. I consider first the defendant's motion for summary judgment based on timeliness of appeal to the state level hearing.

## III. DISCUSSION

As to the timeliness issue, this aspect of the summary judgment motion questions whether the Kuszewskis are barred under Rule 340.1725(1) from appealing the LHO's decision for state level review. *Id.* According to the Michigan Administrative Code, the decision of the LHO must be appealed, "within 25 days of receipt of the decision for a state review." [1] It is clear from recent case law that an appeal will be barred if a party does not comply with the applicable time deadlines in an IDEA appeal and the court must dismiss the case because of a lack of subject matter jurisdiction to review the SHRO. *Cleveland Heights–University Heights City School District v. Boss,* 144 F.3d 391, 397 (6th Cir.1998).

CVS argue that the administrative rule was violated because the decision of the LHO was received by the Kuszewskis on September 7, 1999 and the Kuszewskis did not file a proper appeal until October 10, 1999. CVS claims that this caused the

appeal to take 35 days, a violation of the 25–day limit. The Kuszewskis counter by contending that they complied with the time rule regarding appeal because they did not receive the letter until September 7, 1999 and they believed that their letter of September 28, 1999 operated as the required notification of appeal. To support this claim, the Kuszewskis have provided letters, dated September 30 and October 15, 1999, that they received from the Michigan Department of Education that state that their letter of September 28, 1999 operated to trigger the request for review by an SHRO.

### A. Timeliness of Administrative Appeal

I refer to the Michigan Administrative Code which states the time limitation for appeal of the LHO's decision. The parties agree, that the 25–day limit for appeal under the Michigan Administrative Code applies to this motion. *Mich. Admin. Code R. 340.1725(1) (2000).*

On September 30, 1999, the Michigan Department of Education sent a letter to plaintiffs that stated, "this office has received your letter appealing the local hearing decision in the case of *Brian Kuszewski v. Chippewa Valley Schools.* The letter received September 28, 1999 via fax, indicates that you have requested a state hearing review of the decision pursuant to Rules 340.1724–1725c of the Michigan Administrative Rules." This letter indicates that the Kuszewskis started the appeal process within the time limits of Rule 340.1725(1). *Id.* This conclusion is reinforced by the letter dated October 15, 1999 from David Brock, the supervisor of the Policy, Planning, and Compliance Program. In this letter, Brock indicated that the appeal had been received on September 28, 1999 and he did not indicate that

---

**1.** Michigan Administrative Rule reads as follows: "Any party who is aggrieved by the findings and the decision of a hearing conducted pursuant to the provisions of R. 340.1724 may appeal to the department with-

in 25 calendar days of receipt of the decision for a state review. The appealing party shall send a copy of the party's appeal to the other party." Mich. Admin. Code R 340.1725(1).

the appeal was barred. These communications from the Michigan State Department of Education caused a significant misunderstanding as to the deadlines for appeal.

I find that as a result of the State's ambiguous action the plaintiffs were within the time limits of Rule 340.1725(1). *Id.* The Kuszewskis complied with Rule 340.1725(1) when they filed an appeal on September 28, 1999 which was 21 days after receiving the LHO's decision. While there is a significant argument that the appeal was not filed in earnest until October 10, 1999, I am persuaded that the comments of the Michigan Department of Education lead to the conclusion that the Kuszewskis had timely appealed to the SHRO.[2]

### B. Mootness

█ I turn now to the issue of mootness. I find that all issues raised by the Kuszewskis that do not relate to reimbursement for private educational placement and attorney fees are moot. I do so because the parents are required to keep the child in the "then-current educational placement" during the appeal process or come to an agreement regarding the child's removal with the school district. *20 U.S.C. 1415(j)* (2000). The unilateral withdrawal of Brian from the CVS makes the appeal process moot except for an inquiry into the incurred private education costs and the claim for attorney fees. My conclusion is also based on the admissions of the Kuszewskis, through their attorney, at the hearing on the summary judgment motion. At the hearing, I put the following questions to the Kuszewskis' attorney and received these responses:

Question:

Well, the only two things that I see that are important now in this case is whether or not the child should be placed in private school placement, and secondly, whether you are entitled to any reimbursement for past expenses.

Response:

That is correct your honor, with one proviso, he is not in a private school, he is in a home setting receiving tutoring so it is a private placement but not a private school.

. . . . . . . . . .

Response:

Including the attorney fees that the parents were forced to incur to get to this point?

Thus the only remaining issues are whether the Kuszewskis are entitled to reimbursement for past educational costs and attorney fees. The educational expenses relate to the private placement of Brian upon his removal from the CVS. These expenses include the Kuszewskis' costs for Brian's brief placement at the Sylvain Learning Center and the costs of his current home schooling. The Kuszewskis' right to pursue reimbursement is clearly established by the case of *School Committee of the Town of Burlington, Massachusetts v. Department of Education of Massachusetts*, 471 U.S. 359, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985). In *Burlington*, "the Court held that when the school district failed to provide a FAPE, the fact that the parents violated the IDEA's 'stay put' provision did not bar them from being reimbursed for the private placement they selected for their child." *Cleveland Heights–University Heights City School District v. Boss*, 144 F.3d 391, 400 (6th Cir.1998) (referring to *School Committee of the Town of Burlington Massachusetts v. Department of Education of Massachusetts*, 471 U.S. 359, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985)). Parents who violate the "stay-put provision" of

---

**2.** In additional support of this conclusion, the Michigan Administrative Code states that time limitations should be applied to create "substantial justice" and can be varied to accommodate justice. *Mich. Admin. Code R. 1722f.*

IDEA (*20 U.S.C. § 1415(j)* (2000)) by unilaterally removing their child during the pendency of administrative review procedures do not forfeit the right to seek tuition reimbursement.[3]

■ To obtain reimbursement for past educational costs the Kuszewskis must return to the local level hearing to determine whether the IEP was inadequate, thus denying Brian a FAPE. Neither the LHO nor SHRO determined whether Brian was denied a FAPE. Under the "modified de novo" standard of review for state administrative determinations the court should perform a "de novo" review but give due weight to the state administrative proceedings. *Doe v. Metropolitan Nashville Public Schools*, 133 F.3d 384, 386 (6th. Cir. 1998). The Supreme Court has stated that courts must not substitute " 'their own notions of sound educational policy for those of the school authorities which they review,' and derived the due weight requirement from '[t]he fact that § 1415(e) (amended to *20 U.S.C. 1415(i)(2)(B)* (2000)) requires that the reviewing court receive the records of the administrative proceedings...' " *Id.* (quoting from *Board of Education of the Hendrick Hudson Central School District v. Rowley*, 458 U.S. 176, 206, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982)). Because the state level hearings made no determination in the record on the FAPE issue, I am required to remand this case to a local level hearing for a determination whether Brian was denied a FAPE. If it is determined that Brian was denied a FAPE by a violation of IDEA the LHO must then determine whether the private school placement was proper under the Act. *Florence County School District v. Carter*, 510 U.S. 7, 12,

114 S.Ct. 361, 126 L.Ed.2d 284 (1993). If the LHO makes both these determinations in favor of the Kuszewskis then the LHO should grant reimbursement of education costs to the Kuszewskis. *20 U.S.C. § 1412(a)(10)(C)(ii)* (2000). The decision of the LHO may be appealed to a SHRO. Only if the LHO and SHRO determine that there is no reimbursement for past educational expenses must I then review the decision de novo giving due deference to the hearing officers' decisions.

I move next to the issue of attorney fees. Here only the district court considers the issue of attorney fees in IDEA cases. *20 U.S.C. § 1415(i)(3)* (2000) et seq. This is done in the following manner: (1) there must be a finding that the Kuszewskis were denied a FAPE by an inadequate IEP; (2) if such a finding is made then the Kuszewskis become the prevailing party; and (3) I must then decide whether the Kuszewskis are entitled to recover attorney fees. *Id.*

Finally, the Kuszewskis have the right to seek a new IEP for Brian from CVS. *James v. Upper Arlington City School District*, 2000 WL 1423161, *3 (6th Cir. 2000). In this new IEP the Kuszewskis have the right to request private placement for Brian.

## IV. CONCLUSION

CVS's motion for summary judgment on timeliness of appeal is denied. The claim by the Kuszewskis that relates to reimbursement for private educational placement costs is remanded to the LHO for a determination whether the Kuszewskis were denied a FAPE. The determination of attorney fees will be considered by me if the Kuszewskis are determined "prevailing

---

**3.** *Id.* The decision in *Burlington* has been modified by Congress to allow either a federal court or a state hearing officer to grant reimbursement for past educational expenses:

> If the parents of a child with a disability, who previously received special education and related services under the authority of a public agency, enroll the child in a private elementary or secondary school without the consent of or referral by the public agency, a court or a hearing officer may require the agency to reimburse the parents for the cost of that enrollment if the court or hearing officer finds that the agency had not made a free appropriate public education available to the child in a timely manner to that enrollment.

*20 U.S.C. § 1412(a)(10)(C)(ii)* (2000)

parties." Finally, the Kuszewskis have the right to request a new IEP for Brian. These conclusions make the plaintiffs' motion for summary judgment moot.

**IT IS SO ORDERED.**