**Adam BARNETT, Plaintiff–Appellant,**

v.

**MEMPHIS CITY SCHOOLS,**
**Defendant–Appellee.**

No. 01–5050.

United States Court of Appeals,
Sixth Circuit.

Oct. 30, 2002.

Before KENNEDY, SUHRHEINRICH, and BATCHELDER, Circuit Judges.

BATCHELDER, Circuit Judge.

Terry and Janeene Barnett, on behalf of their son, Adam Barnett--who was born with cerebral palsy, no hands, and only one foot, and who has been diagnosed with learning disabilities and found to have a low IQ--appeal the district court's order affirming the administrative law judge's denial of their claim for compensatory education, pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1401 *et seq.*

■ We must first address the school district's contention that this case is moot because Adam received a special education diploma from the Shrine School and because Adam's parents removed him from the Memphis City Schools. The district court correctly held that Adam's receipt of a special education diploma does not moot this case. 34 C.F.R. § 300.122(a)(3)(ii). The district court did not address the question of whether the case is moot for other reasons.

At oral argument, Adam's counsel--partly in response to the mootness claim--indicated that Adam is currently attending a state-run vocational program, and that he is now reading at an eighth grade level. Those facts are not of record, but if the latter fact is accurate, it lends support to Adam's parents' contention that despite his learning disabilities, Adam has greater ability than was acknowledged by the school district or reflected in the Individualized Education Programs ("IEPs") provided for him. We recognize that the burden is on the parents to prove by a preponderance of the evidence that the IEPs are inadequate, *Renner v. Bd. of Educ. of the Pub. Schs. of Ann Arbor*, 185 F.3d 635, 642 (6th Cir.1999), and we have some sympathy with the school district's contention that in this case, the evidence presented by Adam's parents was not particularly helpful in demonstrating whether Adam's capabilities are as extensive as his parents claim. The intended beneficiary of the IDEA, however, is not the parents of the individual with a disability, but that individual himself. And here, the record does contain some evidence--notably the testimony of Betty Pulley, Adam's math teacher--that Adam has been capable of progressing beyond that which was called for in the IEPs. It further appears from the record that when he failed to make even that progress in any given year, the school district did not recommend, let alone adopt or implement, any approaches to his instruction different from those already demonstrated to have failed.

■ Whether this case is moot because Adam has been withdrawn from the Memphis City Schools is a jurisdictional issue that must be determined before we may review the merits of the case. After carefully reviewing the parties' briefs and the record, and after considering the additional claims made at oral argument, we conclude that we are not in a position to determine whether the case is moot. We must therefore remand the case to the district court, with instructions that, pursuant to 20 U.S.C. § 1415(i)(2)--which broadly provides that a district court may hear additional evidence if so requested--that court consider whatever additional evidence is necessary to determine, both factually and legally, whether the school district is correct in its assertion at oral argument that Adam's removal from the Memphis City Schools moots this case.

Accordingly, we vacate the judgment of the district court and remand the case to that court for further proceedings consistent with this opinion.